UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT LEIMKUEHLER, as Trustee of and on behalf of LEIMKUEHLER, INC. PROFIT SHARING PLAN,<br>    *Plaintiff*,<br><br>*vs.*<br><br>AMERICAN UNITED LIFE INSURANCE COMPANY,<br>    *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:10-cv-00333-JMS-TAB |

## ORDER

Presently before the Court is Plaintiff / Counter-defendant Robert Leimkuehler's (the "Trustee") motion to dismiss Defendant / Counter-plaintiff American United Life Insurance Company's ("AUL") Counterclaims. [Dkt. 68.]

### I.
#### STANDARD OF REVIEW

The Federal Rules impose only a notice-pleading requirement for complaints and counterclaims. Thus, "[s]pecific facts are not necessary; the [plaintiff] need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) (alteration omitted)) (per curium). *See also Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923-24 (7th Cir. 2007) ("Facts that substantiate the claim ultimately must be put into evidence, but the rule 'plaintiff needs to prove Fact Y' does not imply 'plaintiff must allege Fact Y at the outset.' That's the difference between fact pleading (which the courts of Illinois use) and claim pleading under Rule 8." (citations omitted)). Nonetheless, "a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled." *Airborne Beepers*

& Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (synthesizing *Erickson* and *Twombly*). In that circumstance, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper. A motion filed under that rule asks whether the complaint (or counterclaim) "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544). For the purposes of that rule, the Court will ignore legally conclusory allegations. *Id.* at 1949-50 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (quotation omitted)).

## II.
### BACKGROUND

In the underlying case, the Trustee has sued AUL, a 401(k) administrator, under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101, *et seq.* He alleges that both he and AUL are fiduciaries of the Leimkuehler, Inc. Profit Sharing Plan (the "Plan") and that AUL has breached its fiduciary duties with respect to the Plan. The Court described the Complaint's allegations in detail when ruling upon AUL's motion to dismiss.[1] [*See* dkt. 63 at 2-7.] Essentially, the Trustee accuses AUL of profiting from a revenue sharing arrangement with many of the investment vehicles that AUL offers to the Plan's participants. [*See* dkt. 1 ¶¶9-10, 20, 23.] Those revenue-sharing payments, the Trustee alleges, have conferred a "windfall[]" on AUL. [*Id.* ¶57.] Additionally, "irrespective of AUL's status as an ERISA fiduciary," a status that AUL denies, the Trustee alleged, in a count that the Court ultimately dismissed, that the revenue-sharing payments have prevented him "from discharging [his] ERISA … fiduciary duty" to

---

[1] The motion was granted in part and denied in part.

the Plan, [*id.* ¶ 68(a)], specifically the "duty to 'defray[] reasonable expenses of administering' [the Plan], as is [his] duty under ERISA § 404(a)," [dkt. 1 ¶72 (first alteration in original)].

While AUL denies that it is actually a fiduciary with respect to the Plan, [dkt. 67 at 7 ¶32], AUL asserts its Counterclaims in the event that it is wrong about its fiduciary status, [*id.* at 23 ¶1]. It alleges that the Trustee "approved the investment options made available" to the Plan and indeed "had the authority and responsibility to make the ultimate decision as to which investment options were appropriate for the Plan participants." [*Id.* at 25 ¶¶11-12.] It says that the total expenses that Plan participants paid were accurately described and that the revenue-sharing payments reduced the fees that AUL directly charged the Plan and participants. [*Id.* at ¶15.] So if any technical violation of ERISA occurred by the failure to accurately itemize the distribution of expenses, the Trustee is partially responsible too because ERISA fiduciaries must ensure that their co-fiduciaries don't breach their fiduciary duties. [*Id.* at 26-27 ¶22.]

### III.
### DISCUSSION

AUL's Counterclaims are styled in five counts, each of which the Trustee seeks to dismiss. Through Counts I and II, AUL seeks, respectively, contribution and indemnity under ERISA. [*Id.* at 26-28.] Counts III and IV seek the same relief, albeit under common law rather than ERISA. [*Id.* at 28-30.] Finally, through Count V, AUL accuses the Trustee of breaching his own fiduciary duties; therefore, AUL sues on the Plan's behalf pursuant to 29 U.S.C. § 1132(a). Each count depends upon the Trustee prevailing in his allegation that AUL is, in fact, a co-fiduciary of the Plan, a status that AUL denies that it has.

**A. Counts I and II: Contribution and Indemnity under ERISA**

The Trustee makes several arguments as to why the Court should dismiss Counts I and II. First, it says that the Seventh Circuit authority recognizing contribution and indemnity rights under ERISA, *Free v. Briody*, 732 F.2d 1331 (7th Cir. 1984), is no longer good law. Second, even if *Free* remains good law, the Trustee says that it doesn't permit contribution or indemnity where, as here, an active fiduciary seeks to recover from a passive fiduciary. Finally, again assuming that ERISA recognizes any claims for contribution or indemnity at all, the Trustee denies that any recovery under 29 U.S.C § 1105(a) is available.

### A.  The State of *Free*

In *Free*, the Seventh Circuit interpreted 29 U.S.C. § 1109(a), which reads as follows:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a).  Based largely on ERISA's legislative history, the Seventh Circuit decided that when Congress gave courts the power to award "such other equitable or remedial relief," it gave "courts the power to shape an award so as to make the injured plan whole while at the same time apportioning the damages equitably between the wrongdoers," such as by indemnity, *Free*, 732 F.2d at 1337, or by contribution.[2]

The Trustee argues that *Free* no longer remains good law after one or more of three later Supreme Court decisions, none of which specifically considered indemnification or contribution

---

[2] *Free* only involved a claim for indemnity.  The Trustee makes no argument, however, that *Free* failed to authorize contribution, a closely related concept.  The only difference between the two is that the former involves complete recovery of damages paid, while the latter involves only partial recovery.  *See Donovan v. Robbins*, 752 F.2d 1170, 1178 (7th Cir. 1985) (citation omitted).

between co-fiduciaries. The first case is *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985), which held that equitable relief under 29 U.S.C. § 1109(a) must inure the benefit of the benefit plan as a whole. *Id.* at 140-42. According to the Trustee, because contribution and indemnity only benefit the co-fiduciary and not the plan as whole, *Free*'s recognition of those theories under 29 U.S.C. § 1109(a) must give way. Plus, the Trustee maintains that indemnity and contribution aren't expressly mentioned in the statute; therefore, permitting them would violate the Supreme Court's directive against implying ERISA remedies beyond those that Congress authorized "expressly," *Russell*, 473 U.S. at 146. The other two Supreme Court cases reinforce the express-provision requirement for remedies. *See Mertens v. Hewitt Associates*, 508 U.S. 248, 254 (1993) (quoting *Russell*, 473 U.S. at 146-47); *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002) (quoting *Mertens*, 508 U.S. at 251 and *Russell*, 473 U.S. at 147).

District courts in this Circuit have split as to whether the Supreme Court authority discussed above so undermines the rationale in *Free* that *Free* itself must be said to be overturned. *See BP Corp. N. Am. v. N. Trust Invs., N.A.*, 692 F. Supp. 2d 980, 983-84 (N.D. Ill. 2010) (collecting conflicting cases). This Court, however, finds *Free* to still be binding precedent because it is directly on point and none of the Supreme Court cases the Trustee has cited specifically address contribution and indemnity rights. When subsequent Supreme Court authority undermines the rationale of earlier Supreme Court authority that otherwise directly addresses the legal issue under consideration, the Supreme Court has commanded lower courts to continue to follow the on-point authority. *Agostini v. Felton*, 521 U.S. 203, 237 (1997) ("We reaffirm that if a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly con-

trols, leaving to this Court the prerogative of overruling its own decisions." (quotation omitted)). The Seventh Circuit appears to adopt a similar view of its own precedents that have only been implicitly overturned by the Supreme Court—in other words, trial courts should follow the Seventh Circuit authority if it is on point and not in conflict with the exact question presented by later Supreme Court authority. *See SEC v. Wealth Mgmt. LLC*, 628 F.3d 323, 330 n.3 (7th Cir. 2010) ("[O]ur decision in *Wozniak* was…undermined by the Supreme Court's decision in *Devlin v. Scardelletti*, 536 U.S. 1, 122 S. Ct. 2005, 153 L. Ed. 2d 27 (2002). Recognizing this, we overruled *Wozniak* in *SEC v. Enterprise Trust Co.*, 559 F.3d 649, 652 (7th Cir. 2009)…."). Thus, the Court will not presume to declare invalid a decision of its supervising Court of Appeals, especially one that the Court of Appeals has continued to cite as recently as 1998, *see Mathews v. Sears Pension Plan*, 144 F.3d 461, 466 (7th Cir. 1998) (citing *Free*'s approval of indemnity between co-fiduciaries), a date after two of the three Supreme Court cases the Trustee has identified.

### B. AUL's Contribution and Indemnity Claims under *Free*

In arguing that AUL fails to state a claim for relief under *Free*, the Trustee focuses on the following passage from the opinion: "Congress clearly did not intend trustees to act as insurers of co-trustees' actions, and the only question that remains is whether [apart from a statutory provision not at issue here] a co-trustee…can… recoup his loss from his more culpable co-trustee. We believe that ERISA allows such an action **in narrowly appropriate circumstances**." *Free*, 732 F.2d at 1337 (emphasis added). According to the Trustee, the only "narrowly appropriate circumstances" are those involving the precise factual scenario at issue in that case: that of a fiduciary guilty of mere nonfeasance seeking recovery from a fiduciary guilty of malfeasance. *See*

*id.* at 1336-37 ("Whether ERISA allows a passive trustee to seek indemnification from a more culpable active trustee is not a wholly new question for this court.").

The Court, however, understands *Free* to hold that ERISA permits contribution or indemnity between co-fiduciaries, subject to general equitable principles. That is, indeed, what the Seventh Circuit said elsewhere in the opinion, when it approved of both its prior dicta and that of a trial court. *Id.* at 1337.[3] That is also what it said later in the opinion when it invoked "[g]eneral principles of trust law [that] provide for indemnification under the appropriate circumstances." *Id.* at 1338. That result also comports with the statutory language of 29 U.S.C. § 1109(a)—at issue in *Free*—which permits "such other equitable…relief as the court may deem appropriate." Thus, while a passive fiduciary may sometimes recover from an active one, other times it may not, depending on the circumstances in the case. And there may even be circumstances in which two active fiduciaries split the liability between them (after one of them has first made the beneficiary whole).

As for those general equitable principles, the Trustee agrees, [dkt. 69 at 10-11], that the Restatement (Second) of Trusts § 258, which *Free* cited approvingly, 732 F.2d at 1338,[4] correctly summarizes the liability of one fiduciary to another:

> (1) Except as stated in Subsection (2), where two trustees are liable to the beneficiary for a breach of trust, each of them is entitled to contribution from the other, except that

---

[3] Specifically, the Court said: "We have previously recognized, albeit in dicta, that an ERISA fiduciary 'may seek indemnification or contribution from co-fiduciaries.' *Alton Memorial Hospital v. Metropolitan Life Insurance Co.*, 656 F.2d 245, 250 (7th Cir. 1981). In *Freund v. Marshall & Ilsley Bank*, 485 F. Supp. 629, 635 (W.D. Wis. 1979), the court reached a similar result, once again in dicta, stating that a right to indemnification is within the equitable discretion of the court when faced with co-trustees liable under ERISA. We think that these cases reached the correct result…."

[4] The opinion actually cites to "§ 158." Based upon the context, however, the citation appears to be a typographical error.

> (a) if one of them is substantially more at fault than the other, he is not entitled to contribution from the other but the other is entitled to indemnity from him; or

> (b) if one of them receives a benefit from the breach of trust, the other is entitled to indemnity from him to the extent of the benefit; and for any further liability, if neither is more at fault than the other, each is entitled to contribution.

> (2) A trustee who commits a breach of trust in bad faith is not entitled to contribution or indemnity from his co-trustee.

Restatement (Second) of Trusts § 258. Shared liability is, therefore, the default setting, unless and until one of the three exceptions applies.

In trying to argue that each of the three exceptions precludes any recovery here, the Trustee argues at length about all the facts that the Counterclaims do not allege. For example, "AUL has made no allegation, much less any plausible allegation, that the Trustee profited from ERISA violations." [Dkt. 69 at 13 (emphasis omitted).] But that tactic of argument misses the mark; the focus of a motion to dismiss is on what the Counterclaims say, not on what they don't say. *See Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) ("Any district judge…tempted to write 'this complaint is deficient because it does not contain. . .' should stop and think: What rule of law requires a complaint to contain that allegation? Rule 9(b) has a short list of things that plaintiffs must plead with particularity, but 'interception' is not on that list." (second ellipsis in original)). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007) (rejecting any suggestion that the Supreme Court was subjecting all complaints to the particularity requirements of Fed. R. Civ. Pro. 9). Indeed, to the extent that the three exceptions contained in the Restatement constitute equitable defenses, the Counterclaims needn't plead around them at all. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-675 (7th Cir. 2009) ("Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and

overcome affirmative defenses, such as the statute of limitations. But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.").

Nothing in the Trustee's papers specifically disputes that the allegations actually made in Counterclaims satisfy the general rule: If AUL is a co-fiduciary and if it must pay the Plan, it should be permitted to recover, in whole or in part, from its co-fiduciary. The Counterclaims, therefore, survive the Trustee's motion to dismiss unless their allegations establish that one of the three exceptions applies. They do not.

With respect to the exception for "substantial fault," the Trustee argues that because he didn't do anything wrong while AUL did, AUL necessarily has substantially more fault than the Trustee. [Dkt. 74 at 6.] That argument, however, rests upon an assumption that the Trustee is in fact blameless, an allegation that appears nowhere in the Counterclaims. Far from it: The Counterclaims note that the Trustee himself admitted that he failed to "effectively discharge [his] duties to defray reasonable expenses of administering" the Plan. [Dkt. 1 ¶72 (alteration and quotation omitted).] While the Trustee backpedals away from his earlier allegation by arguing that the allegation was made contingent upon AUL not being held to be a fiduciary, [*see* dkt. 74 at 1], the Complaint says otherwise—the claim was made "irrespective of AUL's status as an ERISA fiduciary," [dkt. 1 ¶68]. Furthermore, even if the Trustee can finely parse away his statement, that type of parsing is inappropriate on a motion to dismiss, where the non-moving party receives the benefits of the inferences. And the fact that the Trustee said what he said doesn't evaporate merely because the Court ultimately dismissed the count of the Complaint that contained that statement; it remains an admission of a party opponent. *See* Fed. R. Evid. 801(d)(2). Besides, the Counterclaims allege that the Trustee agreed to enter into the contract with AUL and exer-

cised his ultimate authority to select the investments made available to the Plan.  [Dkt. 67 at 24-25 ¶¶11-12.]

Under those circumstances, the Court cannot find as a matter of law that the Trustee bears no responsibility for the amount and allocation of expenses that he now contends violate ERISA.[5]

The second exception under the Restatement—one fiduciary's receipt of benefit—also doesn't necessarily apply here.  Absent a situation in which one fiduciary is more at fault than the other, the exception only applies to the extent of the benefit received, after which contribution is permitted.  Restatement (Second) of Trusts § 258(1)(b).  Because the Trustee declined AUL's invitation to dismiss with prejudice any claim for damages above the disgorgement of the allegedly improper benefit, [*compare* dkt. 70 at 12, *with* dkt. 74 at 9 (saying only that he is "currently unaware of any other 'damage'")], a damage award might exceed AUL's benefit.  If so, depending on the relative culpability of the parties—which as explained above, the Court can't assess here—this exception may not apply either.[6]

The final exception precludes a claim contribution and indemnity by a fiduciary who has acted in bad faith.  The Trustee's only argument for this exception is that AUL, as a fiduciary,  is presumed to know that the fee practices at issue here were illegal.  The support the Trustee offers for that proposition depends on some artful use of ellipses that obscure the actual meaning of the opinion, which in any event arose in the context of deciding whether a fee award should issue in an employment case that settled, a situation far different than that here.  *Compare* [dkt. 69 at 14

---

[5] The Court notes that the Trustee has failed to rise to AUL's challenge to cite a single case that has made the substantial-fault determination on at the motion-to-dismiss stage, [*compare* dkt. 70 at 9-10, *with* dkt. 74 at 6-7].  Further factual development may be particularly appropriate to decide whether the Trustee has taken sufficient measures after this action began to mitigate any losses that the Trustee alleges the fee arrangement is causing the Plan.

[6] AUL doesn't dispute that it may not seek contribution or indemnity under this exception for "disgorgement or restitution in the amount of the revenue sharing payments, less the fair market value of the services."  [Dkt. 70 at 12 (quotation omitted).]

(offering the following citation: "*Jones v. Local 4B, Graphic Arts Int'l Union*, 595 F. Supp. 792, 795 (D.D.C. 1984) ('fiduciaries…have a duty to their beneficiaries, they have a greater responsibility to obey the law…and, are presumed to know the law')"], *with Jones*, 595 F. Supp. at 795 ("However, while Union officers are fiduciaries and have a duty to their beneficiaries, they have a greater responsibility to obey the law. Union officers are the same as private employers, and, are presumed to know the law."). Besides, if every breach of fiduciary duty were always in bad faith, there would never be any contribution or indemnity between co-fiduciaries—even though the Restatement clearly contemplates shared liability as the default rule.[7] Certainly the heightened duties that fiduciaries have may help inform whether the fiduciary acted in good faith; they don't, however, automatically decide the question.

Because, based on the allegations in the Counterclaims, the Court cannot say that any of the three exceptions set forth in Restatement § 258 preclude contribution and indemnity, no dismissal is proper.

### C. 29 U.S.C. § 1105(a)

Although Counts I and II didn't explicitly mention 29 U.S.C. § 1105(a), the Trustee's opening brief also argued, out of an abundance of caution, that AUL shouldn't be able to rely on that statutory provision to obtain indemnity or contribution. That provision provides as follows:

> (a) Circumstances giving to liability. In addition to any liability which he may have under any other provision of this part [29 USCS §§ 1101 et seq.], a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:
>
>> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

---

[7] Taking the Trustee's claim seriously—that as a fiduciary, AUL is automatically clairvoyant as to how the judiciary will decide this action—would also require finding that AUL's refusal to capitulate automatically violates Rule 11. The Court is quite certain that *Jones* is not the panacea that the Trustee maintains that it is with respect to the bad-faith exception.

> (2) if, by his failure to comply with section 404(a)(1) [29 USCS § 1104(a)(1)] in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
>
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a). The Trustee cites case law holding that § 1105(a) doesn't provide a vehicle for contribution or indemnity as between co-fiduciaries. *See Mutual Life Ins. Co. v. Yampol*, 706 F. Supp. 596, 598 (N.D. Ill. 1989) ("29 U.S.C. § 1105(a)…merely creates joint and several liability among co-fiduciaries in certain circumstances and is silent on the issue of contribution. Moreover, the Supreme Court has rejected the equation of joint and several liability with a right of contribution." (footnote omitted)).

In the three brief paragraphs—unadorned with citations to any case law—that AUL offers relating to 29 U.S.C. § 1105(a), AUL doesn't dispute that this portion of ERISA doesn't authorize contribution or indemnity. Instead, it argues that, assuming that the Trustee's view of the law is correct, the Trustee's continued use of AUL as the Plan's service provider and the Trustee's failure to exercise reasonable care to prevent AUL malfeasance subject the Trustee to liability in his own right. [*See* dkt. 70 at 12-13.]

But § 1105(a) isn't actually at issue in the Counterclaims. Any recovery under that statute, under AUL's view of it, would flow to the Plan, not to AUL; the recovery wouldn't constitute contribution or indemnity to AUL. Because—unlike Count V—AUL doesn't purport to bring Counts I and II on behalf of the Plan, [*see* dkt. 67 at 26-27], and because AUL doesn't dispute that § 1105(a) doesn't provide a basis for contribution or indemnity as between co-fiduciaries, the Court finds that AUL hasn't stated a claim under § 1105(a) in Counts I and II.

### B.  Counts III and IV:  Common-law Contribution and Indemnity

Unlike in *Free*, which involved a concession that federal common law didn't permit freestanding contribution or indemnity—that relief, if any, would have be grounded in ERISA

itself—AUL invokes federal common law in its Counts III and IV.  *Free*, 732 F.2d at 1336 ("Briody admits that a right to indemnity from a co-trustee cannot be based upon the federal common law.  The issue, then, is whether such a right can be found in ERISA.").  The Trustee moves to dismiss the claims as duplicative of Counts I and II.

In our constitutional system, it is Congress—not the federal judiciary—that is tasked with making law, except for narrow instances in which the federal courts may develop federal common law:  "those in which a federal rule of decision is necessary to protect uniquely federal interests and those in which Congress has given the courts the power to develop substantive law." *Tex. Indus. v. Radcliff Materials*, 451 U.S. 630, 640 (1981) (quotation and citations omitted).

Because the one paragraph defense of Counts III and IV that AUL offers doesn't specifically undertake the analysis that would permit the making of new federal common law and because, in any event, AUL doesn't ask the Court to create any broader relief than that *Free* has found ERISA itself already authorizes, the Court declines AUL's invitation to create new federal common law.  The Court will, therefore, dismiss Counts III and IV.

### C.  Count V:  AUL's Claim on Behalf of the Plan for Breach of Fiduciary Duty

AUL's Count V asserts a claim on behalf of the Plan against the Trustee for his own violations of fiduciary duty.  *See* 29 U.S.C. § 1132(a)(2) (permitting fiduciaries to sue on behalf of the plan for violations of § 1109).  The Trustee denies that he has any fault that might make him directly liable to the Plan.

The Court will not, however, address the validity of Count V at this time.  By separate order, the Court has directed the parties to address the possible conflict of interest that has arisen between the interests of the parties and the Plan here.  Prudence cautions against deciding the fate of Count V before that possible conflict issue has been resolved, so as not to potentially in-

jure the rights of the Plan to argue that the Trustee might face direct liability to Plan. The Court

will, therefore, deny the motion to dismiss Count V, but do so without prejudice. At the appro-

priate time, either via Rule 12(c) or Rule 56(c), the Trustee may renew his arguments.

## IV.
### CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** the Trustee's motion to dismiss,

[dkt. 68]. The motion is **DENIED** with respect to Counts I and II, except to the extent that those

counts rely upon 29 U.S.C. § 1105(a). The motion is **GRANTED** with respect to Counts III and

IV. The motion is **DENIED WITHOUT PREJUDICE** as to Count V.


04/25/2011


_Jane Magnus-Stinson_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


**Distribution via ECF only:**

Klint L. Bruno
KOREIN TILLERY LLC
kbruno@koreintillery.com

Amanda C. Couture
DELANEY & DELANEY
acouture@delaneylaw.net

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Joel S. Feldman
SIDLEY AUSTIN LLP
jfeldman@sidley.com

Bart A. Karwath
BARNES & THORNBURG LLP
bart.karwath@btlaw.com

Robert L. King
KOREIN TILLERY, LLC
rking@koreintillery.com

Robert D. MacGill
BARNES & THORNBURG LLP
rmacgill@btlaw.com

Eric S. Mattson
SIDLEY AUSTIN LLP
emattson@sidley.com

Sarah H. Newman
SIDLEY AUSTIN LLP
snewman@sidley.com

Dennis P. Stolle
BARNES & THORNBURG LLP
dstolle@btlaw.com

Eric Hyman Zagrans
eric@zagrans.com