UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT V. LEIMKUEHLER, as trustee of an on behalf of LEIMKUEHLER, INC. PROFIT SHARING PLAN, | ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| *vs.* | ) ) | 1:10-cv-00333-JMS-TAB |
| AMERICAN UNITED LIFE INSURANCE COMPANY, | ) ) ) | |
| *Defendant.* | ) | |

## ORDER

Presently before the Court in this action brought under the Employee Retirement Security Act of 1974 ("ERISA") is Defendant American United Life Insurance Company's ("AUL") Motion for Attorney's Fees and Costs. [Dkt. 183.] AUL successfully defended this action; the Court entered judgment in favor of AUL after dismissing some of the Plaintiff-Trustee's claims and granting summary judgment against the Trustee on the rest (rulings with which familiarity is assumed here). [Dkts. 63, 165.] AUL now asks for approximately $2 million in fees and costs as the prevailing party under 29 U.S.C. § 1132(g) (providing that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party") or, in the alternative, for approximately $85,000 in costs under Federal Rule of Civil Procedure 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). [*See* dkt. 183.]

### A. Fees and Costs Under ERISA

As the prevailing party in this litigation, a status the Trustee does not contest, [dkt. 187 at 4], a "modest presumption" exists that AUL will recover its fees and costs under ERISA. *See*

*Herman v. Cent. States*, 423 F.3d 684, 695 (7th Cir. 2005) (citation omitted).  Of course presumption is not entitlement.  *Id.*

In considering whether the presumption should give way, the Seventh Circuit has identified two different tests.  One possible test involves consideration of five specific factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Marquardt v. North American Car Corp.*, 652 F.2d 715, 717 (7th Cir. 1981) (adopting the five factors but recognizing that they do not "constitute the only test which the district court can use").  Another test borrows the Equal Access to Justice Act's test for assessing fees against the United States—in other words, a fee award "unless the court finds that the position of the [losing party] was substantially justified or that special circumstances make an award unjust."  *Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820, 830 (7th Cir. 1984).  According to the Seventh Circuit, "both tests essentially ask the same question:  'was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?'"  *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. College, Inc.*, 657 F.3d 496, 506 (7th Cir. 2011) (quotation omitted).

The precise fate of those tests remains in potential flux.  One panel of the Seventh Circuit has called for the abolition of the five-factor test in favor of the *Bittner* approach.  *Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 672 (7th Cir. 2007) ("[The five-factor test] adds little, though, to the simpler test, and perhaps has outlived its usefulness. American law is needlessly complex, and occasions for simplification should be embraced.").  But even more importantly, the Supreme Court recently decided *Hardt v. Reliance Std. Life Ins. Co.*, 130 S. Ct. 2149 (2010).

It held that even a non-"prevailing" parties could potentially recover fees so long as the party obtained "some success on the merits," regardless as to what the five-factor test suggested. *Id.* at 2158. The Supreme Court left open, however, "the possibility that once a claimant has satisfied this requirement, and thus becomes eligible for a fees award under [29 U.S.C.] § 1132(g)(1), a court may consider the five factors adopted by the Court of Appeals … in deciding whether to award attorney's fees." *Id.* at n.8. Following *Hart*, one panel of the Seventh Circuit has declared both tests alive and well. *Kolbe*, 657 F.3d at 505-06. A few days later, another panel declared: "Language in some appellate opinions declaring 'bad faith' vital to an award under §1132(g)(1) did not survive *Hardt*." *Loomis v. Exelon Corp.*, 658 F.3d 667, 675 (7th Cir. 2011). And it also declared that whether the *Bittner* substantial-justification-or-special-circumstances test survived *Hart* is an "issue we can avoid until the answer matters." *Id.*

While the parties dispute which of the two tests survive and in which form, the Court can avoid navigating that thicket because, even under AUL's preferred approach, the Court declines to make any award. AUL advocates the *Bittner* test. [*See* dkt. 197.] Thus, an award of fees and costs would be appropriate unless the Trustee was "substantially justified" in maintaining this unsuccessful action or unless "special circumstances" were present. The former is present here.

Although the Equal Access to Justice Act—which provides the standards here under *Bittner*—uses the phrase "substantially justified," its meaning "is neither defined nor self-evident." *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 381 (7th Cir. 2010). Nonetheless, according to the case law, a substantially justified position is one that is better than frivolous but less than meritorious—one that is "justified to a degree that could satisfy a reasonable person and hence has a reasonable basis both in law and in fact" such that no inference arises that maintaining it was "careless and oppressive" to the losing side. *Id.* (quotation

omitted).  Accordingly, the "easier" a case is, the more likely it is that the losing side was not substantially justified in resisting it.  *Cf. Ervin v. Astrue*, 1:08-cv-00970-DFH-DML, dkt. 31 (S.D. Ind. Feb. 23, 2010) (Hamilton, J.) ("[I]t will probably be an abuse of discretion [under the Equal Access to Justice Act] to deny fees if the case for remand [under the Social Security Act] is strong and clear-cut.").

AUL contends that the Trustee had no business filing this action in light of *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009), a case that makes the claims "clear[]" losers.  [Dkt. 184 at 3.]  The Court disagrees; the case was close enough that a reasonable person could have filed suit.[1]  There was relevant authority that supported the Trustee's claims.  *See Haddock v. Nationwide Fin. Servs., Inc.*, 419 F.Supp.2d 156 (D. Conn. 2006).  Further, the Department of Labor is threatening suit over the same conduct at issue here.  [*See* dkt. 151-2.]  While the Court did not pay *Chevron* "deference" to the Department of Labor's position on the merits because the Department of Labor's position is preliminary, nonetheless the Department of Labor's endorsement of the Trustee's claims bolsters the reasonableness of the Trustee's suit.  Additionally the Court notes that AUL's own employees had voiced "significant reservations about disclosing revenue sharing," [134-6 at 2-3], further suggesting that the practice was not as "clearly" innocuous as AUL argues.

Accordingly, the Court declines to issue any award to AUL under 29 U.S.C. § 1132(g).

### B.  Costs Under Federal Rule of Civil Procedure 54(d)

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. Pro. 54(d).  Ordi-

---

[1] Additionally, the Court notes that the Trustee originally filed this action in the Northern District of Ohio, but it was transferred here approximately seven months later. [*See* dkts. 1, 23.] AUL makes no claim that the law of the Sixth Circuit is as favorable to AUL's litigation position as the Court found the law of the Seventh Circuit to be.

narily, a "heavy presumption" exists that the prevailing party will receive costs. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). The Court has discretion to find that presumption overcome upon a showing of the losing party's inability to pay, *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) (collecting cases), or upon a showing of "misconduct by the prevailing party worthy of a penalty (for example, calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings)." *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). An open question exists, however, as to whether a party denied fees and costs under 29 U.S.C. § 1132(g) can receive costs under Federal Rule of Civil Procedure 54(d). *See Loomis*, 658 F.3d at 674 (leaving the question open).

The Court finds that the inability-to-pay consideration is dispositive and overcomes the normal presumption. As AUL concedes, the Trustee can only be held personally liable for costs if he was "personally at fault" in maintaining this action, which in AUL's view means litigating the action without substantial justification. [Dkt. 202 at 5 (quoting Restatement (Third) of Trusts § 106(2).] Nor can the Trustee legally compel his attorneys to reimburse him for an award of costs; the Trustee's counsel—an officer of the Court—submits, and the Court accepts, that no indemnification agreement is in place, [*id.* at 3]. While AUL argues that counsel would likely indemnify him anyway even in the absence of an agreement, no levy of judgment could compel counsel to transfer funds if AUL is wrong. Further, *White v. Sundstrand Corp.*'s statement that class counsel's failure to contractually agree to indemnify for costs is "a poor reason to drop the costs back in defendants' laps," is inapposite here, as that case—unlike this case—had named plaintiffs who could be assessed costs. 256 F.3d 580, 586 (7th Cir. 2001). Here the Court notes

that, when the Court originally asked whether the ERISA plan or individual plan members should be joined as necessary parties, AUL said no. [*See* dkt. 81.]

Finally, insofar as AUL argues that the Court should resolve a circuit split and hold that the ERISA plan can be forced to pay the substantial cost award that AUL seeks, the Court will not do so. AUL has pointed to no authority, and the Court has found none, that would permit costs to be taxed under Rule 54(d) against an entity that was not named as a party to the litigation—and the plan here was not.

"[T]he amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised," *Rivera*, 469 F.3d at 636, together with the Trustee's inability to pay mean that the Court will tax no costs under Rule 54(d).

Given the foregoing, the Court finds that this action presents no occasion to resolve the open question as to whether a party denied fees and costs under 29 U.S.C. § 1132(g) can receive costs under Federal Rule of Civil Procedure 54(d). Costs aren't appropriate under Rule 54 regardless of the Court's ruling on the 29 U.S.C. § 1132(g) request.

### Conclusion

AUL's Motion for Attorney's Fees and Costs, [dkt. 183], is **DENIED**. In light of that denial, the AARP's Motion for Leave to File Brief Amicus Curiae in Opposition to Defendant's Motion for Attorney's Fees, [dkt. 190], and the Trustee's Motion to Stay, [dkt. 206], are **DENIED AS MOOT**.

05/31/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record.**